# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:08-CV-579-FDW

| | |
|---|---|
| DUNN SOUTHEAST, INC., d/b/a R.J. GRIFFIN & COMPANY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CHARLOTTE FC, LLC, et al., <br><br> Defendants. | **ORDER** |

THIS MATTER is before the Court *sua sponte* concerning a notice of removal filed 15 December 2008.

Upon cursory review of the notice of removal, it appears to be deficient in that subject matter jurisdiction cannot be ascertained from the face of the pleadings. As stated in Wright and Miller's treatise:

> [T]here is no question that the notice [of removal] must make the basis for the federal court's exercise of removal jurisdiction clear and contain enough information so that the district judge can determine whether removal jurisdiction exists. Thus, for example, a notice of removal that fails to contain an allegation of a defendant corporation's dual citizenship . . . is defective when complete diversity of citizenship is needed for removal. In addition, if there are unserved defendants who are not joining in the notice of removal, their absence should be explained in the removal papers.

Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3d § 3733, at 354 (West 1998).

In this case, the notice of removal does not appear to account for the citizenship of several co-defendants, including a number of Limited Liability Companies (and each of their members)

and/or Limited Partnerships (and each of their partners).  See Carden v. Arkoma Associates, 494 U.S. 185 (1990) (for diversity purposes, a partnership entity takes on citizenship of all its partners, limited as well as general); General Technology Applications, Inc. v. Exro Ltda, 388 F.3d 114 (4th Cir. 2004) (a limited liability company's citizenship is that of its members).

"If federal jurisdiction is doubtful, a remand is necessary." Mulcahey v. Columbia Organic Chemicals Co., 29 F.3d 148, 151 (4th Cir. 1994).  **Defendant shall therefore have seven (7) days from the date of this Order to clarify the existence of subject matter jurisdiction.**  In addition, the Court notes that all Defendants ordinarily must join in a notice of removal, see Balazik v. Count of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995), and so Defendant shall report to the Court the respective positions of the co-defendants on the removal of this suit as that information becomes known.

    IT IS SO ORDERED.

Signed: December 17, 2008

Frank D. Whitney
United States District Judge